NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re COMCAST CABLE COMMUNICATIONS, LLC, dba Xfinity, COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, dba Comcast Technology Solutions,**
*Petitioners*

---

2026-104

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:24-cv-00886-JRG-RSP, Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

Before PROST, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC (collectively, "Comcast") petition for a writ of mandamus seeking to set aside the district court's denial of Comcast's motion to dismiss or transfer for improper venue.  Sandpiper CDN, LLC opposes the petition.  Comcast replies.

Sandpiper brought this suit in the United States District Court for the Eastern District of Texas ("EDTX"), alleging Comcast infringed claims of five method patents. Comcast, which is incorporated in Delaware, moved to dismiss or transfer to the United States District Court for the Eastern District of Pennsylvania, arguing EDTX is an improper venue under 28 U.S.C. § 1400(b) because Comcast does not "reside" in EDTX for venue purposes and no "acts of infringement" occurred in that district. Adopting the magistrate judge's recommendation, the district court denied the motion. Comcast now petitions for mandamus, arguing the court erred in concluding that venue is proper despite Sandpiper failing to sufficiently establish that every step of the patented methods was performed in the EDTX.

A petitioner seeking the extraordinary remedy of mandamus must generally show: (1) "no other adequate means to attain the relief he desires," (2) a "clear and indisputable" right to relief, and (3) the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up). At a minimum, Comcast has failed to show it has no other adequate means to challenge the district court's venue determination. "[A]n appeal will usually provide an adequate remedy for a defendant challenging the denial of an improper-venue motion," and Comcast has failed to demonstrate that review of its challenge in a post-judgment appeal would be "inadequate" under the circumstances of this case. *In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).[1]

---

[1] A post-judgment appeal may be inadequate when immediate appellate intervention is necessary to resolve "a basic, unsettled, recurring legal issue over which there is considerable litigation producing disparate results, or similar [extraordinary] circumstances," *In re Monolithic Power*

IN RE COMCAST CABLE COMMUNICATIONS, LLC                    3

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

December 9, 2025
       Date

---

*Sys., Inc.*, 50 F.4th 157, 160 (Fed. Cir. 2022) (cleaned up), but no such urgency has been shown here. And waiting until final judgment would "allow the issue to percolate in the district courts as to more clearly define the importance, scope, and nature of the issue for us to review." *In re Google LLC*, No. 2018-152, 2018 WL 5536478, at *3 (Fed. Cir. Oct. 29, 2018).